UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. C20-1595RSM<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. #18. Plaintiff Scott Iceberg has filed a Response opposing this Motion. Dkt. #23. For the reasons stated below, the Court GRANTS the Motion and DISMISSES this case. The Court notes that Plaintiff has filed a Notice of Unavailability from January 1 to March 1, 2021, Dkt. #24. This notice does not in any way restrict the Court's ability to rule on the instant Motion. The Court does not require a response from Plaintiff, and in any event the Court notes that Plaintiff filed his Response to the instant Motion on January 7, during that period.

## II.    BACKGROUND

For purposes of this Motion to Dismiss the Court will accept all facts in the Amended Complaint, Dkt. #15, as true. The Court will briefly summarize only those facts necessary for ruling on this Motion.

Plaintiff states he is "a disabled individual who was denied any accommodation necessary to access the King County Superior Court in the matter of Iceberg v. Greenthumb, and is currently being denied any accommodation necessary to access the King County Superior

ORDER GRANTING MOTION TO DISMISS - 1

Court in the matter of Iceberg v. University of Washington." *Id.* at 1. He argues he was denied the reasonable accommodation of the appointment of counsel, although King County Superior Court has provided an attorney to other disabled individuals. He also claims he was denied the reasonable accommodation of the appointment of a psychologist. He brings causes of action for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Washington Law Against Discrimination ("WLAD"), as well as constitutional claims for denying him access to the courts. *Id.* at 7–8. Plaintiff seeks $100,000 in monetary damages and retrospective declaratory relief against King County, Judges Regina Cahan and Suzanne Parisien, and superior court Deputy Chief Administrative Officer Linda Ridge.

Defendants have submitted King County Superior Court records from the cases cited in the Complaint and the Court finds it may take judicial notice of these public records without converting this motion to dismiss into a motion for summary judgment.

In January 2020, Plaintiff filed a complaint in King County Superior Court against defendant Green Thumb Gardening, LLC, alleging public nuisance and outrage. *See* Dkt. #19 ("Declaration of John R. Zeldenrust"), Exhibit 1(a). Plaintiff alleged Green Thumb, in the course of performing landscaping duties for the Trillium Apartments (where he apparently resides), obstructed fire hydrants and fire lanes at the apartment complex, posing an "imminent threat" to the health and safety of the residents. *Id*. Plaintiff alleged that he is disabled, and suffers from "PTSD, Panic Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, and Severe Ulcerative Colitis." He asserted that Green Thumb's actions aggravated his disabilities. Iceberg requested $100,000 in damages. *Id.*

Plaintiff filed a request seeking the appointment of counsel under the state court rule GR 33. Iceberg's GR 33 accommodation request was assigned to King County Superior Court

ORDER GRANTING MOTION TO DISMISS - 2

Judge Regina Cahan, who denied it on February 18, 2020. *Id.*, Ex. 1(c) at 4. Judge Cahan found that Plaintiff had been able to file "well organized, articulate written responses" and that he had "a history of filing lawsuits, demonstrating his ability to access the court." *Id.* at 3. Judge Cahan determined that "GR 33 was not intended as a mechanism for litigants with limited income or mental health challenges to obtain court-appointed attorney[s] in civil lawsuits," and that appointing counsel would impose an undue financial burden for the court. Judge Cahan further determined that GR 33 "does not appear to . . . contemplate appointing a clinical psychologist for Mr. Iceberg." *Id.*, Ex. 1(c) at 3–4.

Defendant Green Thumb moved to dismiss Iceberg's complaint under Civil Rule 12(b)(6) for failure to state a claim. *Id.*, Ex. 1(e). By order dated March 10, 2020, the superior court granted Green Thumb's motion and dismissed the case with prejudice. *Id.*, Ex. 1(f).

On May 19, 2020, Iceberg filed a second action, this time against the University of Washington. *See* Iceberg v. University of Washington, KCSC # 20-2-09079-4 SEA. The case was assigned to Judge Kenneth Schubert. *Id.*, Ex. 2(b). Plaintiff again requested the appointment of counsel as a reasonable accommodation under GR 33. By order dated July 1, 2020, Judge Schubert denied Iceberg's request for essentially the same reasons cited by Judge Cahan in Iceberg v. Green Thumb. *See Id.*, Ex. 2(c).

### III.   DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

ORDER GRANTING MOTION TO DISMISS - 3

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

Defendants argue that Plaintiff's claims seeking monetary damages or retrospective injunctive relief against judges in their official or individual capacities are barred by the Eleventh Amendment and the doctrine of judicial immunity. *See* Dkt. #18 at 7–8. Defendants state:

> Iceberg seeks a $100,000 in damages and declaration by this Court under various theories that the Judicial defendants violated his rights in the state court actions of Iceberg v. Green Thumb (which has been dismissed) and Iceberg v. University of Washington, which appears to remain pending. Thus, his suit seeks monetary relief and retrospective relief only, and it is barred under the Eleventh Amendment and Judicial immunity.

*Id*. at 8. Defendants also argue that Plaintiff fails to state a claim against newly added Defendant Linda Ridge. *Id*. at 9. Defendants point out that Plaintiff's claims for declaratory

ORDER GRANTING MOTION TO DISMISS - 4

relief under the Washington constitution and the WLAD (RCW 49.60)) fail because he did not file a tort claim for damages before bringing suit. *Id.* (citing *Cronk v. City of West Richland*, 2015 WL 853863 (E.D. Wash. Feb. 26, 2015)). Defendants argue that Plaintiff has failed to plead that King County (or any Defendant for that matter) discriminated against him because of his disability. Dkt. #30 at 2.

The Court finds that Plaintiff fails to allege sufficient factual matter, accepted as true, to state a claim to relief under the ADA, WLAD, or U.S. or Washington State Constitutions. Claims against certain Defendants can easily be dismissed with prejudice. Defendants have correctly pointed out how claims brought against the judges and court staff are barred under the doctrine of judicial immunity and the Eleventh Amendment. Defendants argue that claims against King County Superior Court must be dismissed, however Plaintiff has already amended his pleadings to bring suit against King County instead. *See* Dkts. #9 (original Complaint) and #15 (Amended Complaint). Defendants are correct that the Amended Complaint fails to allege that Plaintiff was discriminated against because of his disability, but this is not entirely relevant because he instead claims that he was denied a reasonable accommodation.

Title II of the ADA, 42 U.S.C. §§ 12131-12165 (2012) prohibits public entities from discriminating against qualified individuals with disabilities in public accommodations. A public entity must provide a reasonable accommodation where necessary to provide meaningful access to individuals with disabilities, including "an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1) (2009).

A person alleging a Title II violation must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's

ORDER GRANTING MOTION TO DISMISS - 5

services, programs, or activities, or the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. *Duvall v. Kitsap County*, 260 F.3d 1124, 1135 (9th Cir. 2001). When a public entity receives a request for an accommodation it must conduct a fact-specific investigation to determine the appropriate accommodation under the circumstances. *Duvall*, 260 F.3d at 1139. But a public entity has an affirmative defense if it shows that the requested accommodation would impose an undue financial or administrative burden. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

Similarly, the WLAD requires all places of public accommodation to provide people with disabilities an equal opportunity compared to people without disabilities. *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 631, 911 P.2d 1319 (1996). A plaintiff alleging disability discrimination must show that (1) he has a recognized disability, (2) the defendant operates a place of public accommodation, (3) the defendant discriminated against the plaintiff by providing treatment that was not comparable to the level of services enjoyed by persons without disabilities, and (4) the disability was a substantial factor causing the discrimination. *Id.* at 637. But the defendant has not engaged in unlawful disability discrimination if its failure to accommodate the plaintiff rests on a legitimate and nondiscriminatory reason, including financial unfeasibility. *Id.* at 642.

Plaintiff cites no case finding that a court violated the ADA, WLAD, or Washington or U.S. Constitutions for failing to provide an attorney or psychologist as a reasonable accommodation. Given judicial immunity, it is perhaps impossible for King County to be liable for the rulings of its judges on GR 33 motions, such liability not been established here, and in any event the pleading does not demonstrate that the judges here violated these laws. The pleadings and judicially-noticed documents show that Judges Cahan and Schubert conducted a

ORDER GRANTING MOTION TO DISMISS - 6

fact-specific investigation to determine the appropriate accommodation under the circumstances and determined that a) that Plaintiff did not have a problem accessing the court and b) the cost of appointing an attorney or psychologist was not feasible.  The record demonstrates that Plaintiff has been able to access the Court, multiple times, without the aid of counsel.  The Court finds that this Amended Complaint thus fails to contain sufficient factual matter, accepted as true, to state a claim to relief under these laws that is plausible on its face.

More fundamentally, Plaintiff is not suing the remaining Defendant King County for some county policy denying him access to the court, he is suing because he disagrees with the rulings of Judges Cahan and Schubert.  Although GR 33 may permit the appointment of counsel under certain conditions, such is at the discretion of the state court after considering many factors.  This Court will not weigh in on whether GR 33 was properly applied in the underlying cases.  Plaintiff may appeal the state court decisions directly.

Given all of the above, the Court cannot imagine how the above deficiencies with Plaintiff's claims against King County could possibly be cured and those claims will be dismissed without leave to amend.

## IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #18, is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.  This case is CLOSED.

DATED this 4th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 7