UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. C20-1595RSM<br><br>ORDER REVOKING IN FORMA PAUPERIS ON APPEAL |

This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #38. Pro se Plaintiff Scott Francis Iceberg was granted leave to proceed in forma pauperis in this matter on December 14, 2020. Dkt. #8.

Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327.

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 1

In this case, Plaintiff states he is "a disabled individual who was denied any accommodation necessary to access the King County Superior Court in the matter of Iceberg v. Greenthumb, and is currently being denied any accommodation necessary to access the King County Superior Court in the matter of Iceberg v. University of Washington." Dkt. #15 at 1. He argues he was denied the reasonable accommodation of the appointment of counsel, although King County Superior Court has provided an attorney to other disabled individuals. He also claims he was denied the reasonable accommodation of the appointment of a psychologist. He brought causes of action for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Washington Law Against Discrimination ("WLAD"), as well as constitutional claims for denying him access to the courts. *Id*. at 7–8. Plaintiff sought $100,000 in monetary damages and retrospective declaratory relief against King County, Judges Regina Cahan and Suzanne Parisien, and superior court Deputy Chief Administrative Officer Linda Ridge.

In January 2020, Plaintiff filed a complaint in King County Superior Court against defendant Green Thumb Gardening, LLC, alleging public nuisance and outrage. *See* Dkt. #19 ("Declaration of John R. Zeldenrust"), Exhibit 1(a). Plaintiff alleged Green Thumb, in the course of performing landscaping duties for the Trillium Apartments (where he apparently resides), obstructed fire hydrants and fire lanes at the apartment complex, posing an "imminent threat" to the health and safety of the residents. *Id*. Plaintiff alleged that he is disabled, and suffers from "PTSD, Panic Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, and Severe Ulcerative Colitis." He asserted that Green Thumb's actions aggravated his disabilities. Iceberg requested $100,000 in damages. *Id.*

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 2

Plaintiff filed a request seeking the appointment of counsel under state court rule GR 33. Iceberg's GR 33 accommodation request was assigned to King County Superior Court Judge Regina Cahan, who denied it on February 18, 2020. *Id*., Ex. 1(c) at 4. Judge Cahan found that Plaintiff had been able to file "well organized, articulate written responses" and that he had "a history of filing lawsuits, demonstrating his ability to access the court." *Id*. at 3. Judge Cahan determined that "GR 33 was not intended as a mechanism for litigants with limited income or mental health challenges to obtain court-appointed attorney[s] in civil lawsuits," and that appointing counsel would impose an undue financial burden for the court. Judge Cahan further determined that GR 33 "does not appear to . . . contemplate appointing a clinical psychologist for Mr. Iceberg." *Id*., Ex. 1(c) at 3–4.

Defendant Green Thumb moved to dismiss Iceberg's complaint under Civil Rule 12(b)(6) for failure to state a claim. *Id*., Ex. 1(e). By order dated March 10, 2020, the superior court granted Green Thumb's motion and dismissed the case with prejudice. *Id*., Ex. 1(f).

On May 19, 2020, Iceberg filed a second action, this time against the University of Washington. *See* Iceberg v. University of Washington, KCSC # 20-2-09079-4 SEA. The case was assigned to Judge Kenneth Schubert. *Id*., Ex. 2(b). Plaintiff again requested the appointment of counsel as a reasonable accommodation under GR 33. By order dated July 1, 2020, Judge Schubert denied Iceberg's request for essentially the same reasons cited by Judge Cahan in Iceberg v. Green Thumb. *See Id.*, Ex. 2(c).

On February 4, 2021, this Court issued an Order finding that Plaintiff failed to allege sufficient factual matter, accepted as true, to state a claim to relief under the ADA, WLAD, or U.S. or Washington State Constitutions. Dkt. #32. This Court dismissed all claims brought against judges and court staff as barred under the doctrine of judicial immunity and the Eleventh

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 3

Amendment. The Court found that Plaintiff cited no case finding that a court violated the ADA, WLAD, or Washington or U.S. Constitutions for failing to provide an attorney or psychologist as a reasonable accommodation. The Court found that, given judicial immunity, "it is perhaps impossible for King County to be liable for the rulings of its judges on GR 33 motions, such liability not been established here, and in any event the pleading does not demonstrate that the judges here violated these laws." *Id*. at 6. The Amended Complaint and judicially-noticed documents show that Judges Cahan and Schubert conducted a fact-specific investigation to determine the appropriate accommodation under the circumstances and determined that a) that Plaintiff did not have a problem accessing the court and b) the cost of appointing an attorney or psychologist was not feasible. The record demonstrates that Plaintiff has been able to access the state court and this District Court multiple times, without the aid of counsel. The Court found that Plaintiff's Amended Complaint failed to contain sufficient factual matter, accepted as true, to state a claim to relief under these laws that is plausible on its face.

More importantly for ruling on the instant issue, the Court found that "Plaintiff is not suing the remaining Defendant King County for some county policy denying him access to the court, he is suing because he disagrees with the rulings of Judges Cahan and Schubert." *Id.* at 7. The Court declined to weigh in on whether GR 33 was properly applied in the underlying cases and advised Plaintiff that he could appeal the state court decisions directly.

For the reasons set forth above, the Court believes that any appeal of this ruling necessarily lacks an arguable basis in law or in fact. The Court cannot find that Plaintiff's appeal has been taken in good faith, and maintains that, by its assessment of the Amended Complaint and judicially noticed documents, Plaintiff's claims are clearly frivolous.

Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.

DATED this 9th day of February, 2021.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 5